{¶ 70} The majority today reverses the decision of the Ashtabula Court of Common Pleas, granting permanent custody of Alice Kangas to the Ashtabula County Children Services Board, for the reason that Alice's mother, Fredrica Snyder, was allegedly denied due process. Specifically, the majority holds that Fredrica was denied the opportunity to cross-examine the guardian ad litem regarding her report and recommendation that Fredrica's parental rights be terminated. I respectfully dissent.
 {¶ 71} The majority correctly cites the rule that, "[i]n a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation." In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368, at syllabus. The majority also correctly cites to the interpretation of Hoffman by this court to mean that "a parent should always be given the opportunity to present new evidence in regard to the report and to cross-examine the guardian ad litem as to the substance of his factual findings and recommendations." In re Salsgiver, 11th Dist. No. 2002-G-2477, 2003-Ohio-1206, at ¶ 27.
 {¶ 72} The majority errs, however, in two respects. First, the situation in Salsgiver is distinguishable from the present one. Second, the right to cross-examine the guardian ad litem, that is, the right to confront witnesses, can be waived and has been waived in the present case.
 {¶ 73} In Salsgiver, the trial court had ordered the guardian ad litem to file a supplemental report which it received ex parte. No new hearing was held on the supplemental report and the mother was given no opportunity to cross-examine the guardian ad litem or even to object to the court's rendering a decision based on the supplemental report. Id. at ¶ 14. In the present case, Fredrica had the opportunity to cross-examine the guardian ad litem, who was present at trial although not called as a witness, and to object to the submission of the guardian's report after the close of trial. Fredrica could have also arranged to have the guardian ad litem cross-examined at a deposition, as was undertaken with Dr. Carrell's testimony. Despite having the opportunity, Fredrica expressly waived the right by stipulating that the guardian ad litem's report could be filed at the time the parties' closing arguments were filed.
 {¶ 74} The majority states "that this essential due process right is one which can [not] simply be waived away." I disagree. In regards to constitutional rights, "waiver" is commonly defined as the "intentional relinquishment or abandonment of a known right." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶31 (citation omitted). The right of cross-examination, as with other rights guaranteed by the Sixth Amendment's right of confrontation, is presumptively waivable. United States v.Mezzanatto (1995), 513 U.S. 196, 200-201; United States v.Rouco (C.A.11, 1985), 765 F.2d 983, 995 ("[a] defendant may waive his right to confront a witness"); Daniels v. Natl.Alliance of Postal and Fed. Emp. (D.C. 1985), Dist. No. 83-1444, 1985 U.S. Dist. LEXIS 15223, at *13 ("[t]he right to be present at a trial hearing, and the right to confront and cross-examine witnesses * * * may be waived"); Fricke v. Hartman (Nov. 27, 1990), 2nd Dist. No. 90 CA 23, 1990 Ohio App. LEXIS 5121, at *7 ("[c]onstitutional rights may be waived, and in view of the fact that [appellant] did not request the opportunity to cross-examine [appellee], he was not deprived of any right, constitutional or otherwise").
 {¶ 75} Not only may the right to confrontation be waived, but it is improper to force a party to exercise that right when it has been freely and intelligently waived. See Farretta v.California (1975), 422 U.S. 806, 814-815 (the Constitution does not force a defendant to exercise the right to counsel or the right to a jury trial) (citation omitted). Counsel may have had tactical reasons for not wanting to afford the guardian ad litem an opportunity, on cross-examination, to expound upon her recommendation that Fredrica's parental rights be terminated. Cf.State v. Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, at ¶ 151
(counsel was not required to cross-examine a hostile witness where such examination "risk[ed] bolstering or emphasizing her testimony rather than impeaching it").
 {¶ 76} Under the majority's approach, an attorney representing a party facing the permanent loss of custody could "pass" on cross-examining the guardian ad litem as a maneuver to create an error for appeal. Then, if custody is terminated, the case would have to be remanded for such cross-examination; thereby delaying the ultimate decision. This is not the result contemplated by Hoffman or Salsgiver.
 {¶ 77} In present case, Fredrica's right to be present at trial was "waived" by her failure to appear. Likewise, her right to cross-examine the guardian ad litem was waived by the stipulation that the report could be submitted after trial. The relinquishment of that right was both knowing and intentional. Fredrica could not have relinquished the right without having had the opportunity to exercise it. Accordingly, Fredrica's second assignment of error is without merit and the judgment of the trial court should be affirmed.
 {¶ 78} The decision of the Ashtabula Court of Common Pleas should be affirmed.